# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8213 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Eddie Wright (B-45640) v. David Rednour | | |

**DOCKET ENTRY TEXT:**

Petitioner has responded to the court's 1/14/11 order directing him to show cause why his petition should not be dismissed as time-barred. It is clear from Petitioner's response, as well as his petition, that he filed his 28 U.S.C. § 2254 petition after the expiration of the one-year limitations period set out in 28 U.S.C. § 2244(d). The court thus dismisses the petition as time-barred and denies a certificate of appealability. This case is closed.

■ [**For further details see text below.**]  Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

Petitioner was convicted pursuant a guilty plea in 1993. He did not appeal to the Illinois Appellate Court. Instead, he filed three state post-conviction petitions: the first was initiated on October 10, 2002, and concluded on October 10, 2003, when the state appellate court affirmed the trial court's dismissal and no petition for leave to appeal was filed in the state supreme court: the second was filed on March 31, 2006, and concluded on May 10, 2007, when the state appellate court affirmed the trial court's dismissal and no petition for leave to appeal was filed; and the third was filed in November 2008 and ended on September 29, 2010, when the Illinois Supreme Court denied his petition for leave to appeal. Petitioner filed his federal petition for habeas corpus relief in December 2010.

Section 2244(d)(1) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins with the latest of several dates. The one applicable to this case is the date when Petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. Because Petitioner's conviction became final prior to the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act containing the one-year limitations period, Petitioner had a grace period of one year (to April 24, 1997) to file his federal habeas petition. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005). Although the limitations period is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), the state post-conviction petition must be filed during the federal one-year limitations period, not after it expired. *See McNeal v. Pierce*, 2010 WL 2977222, 1, No. 10 C 3806 (N.D. Ill. 2010) (Conlon, J.) ("[p]roperly filed applications for post-conviction relief in state court 'exclude particular time from the year, not restart that year'") (quoting *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009)). Petitioner did not initiate his state post-conviction proceedings until 2002, long after the federal one-year limitations period expired.

Petitioner's reason for filing late – the fact that he was not informed by the state trial court that he had the right to appeal – does not excuse his untimely filing. (R. 6, Pet's Response.) "Ignorance of the law does not justify an extension of the one-year period to commence a collateral attack." *Godoski v. U.S.* 304 F.3d 761, 762 (7th Cir. 2002) (citing *Wilson v. Battles*, 302 F.3d 745, 748-49 (7th Cir.2002). Even under Petitioner's reasoning, he became aware of his ability to appeal his conviction and sentence in 2002. Petitioner provides no reason why he
**(CONTINUED)**

isk

**STATEMENT (continued)**

did not submit a federal petition at that time, while he was seeking state post-conviction relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoners who question the timeliness of their federal petitions while waiting for the conclusion of state court proceedings n might avoid dismissal "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); *see also Wilson*, 302 F.3d at 748-49 (a federal habeas petitioner with questions as to the deadline of his petition should file on the earliest possible date).

Accordingly, for these reasons and pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court dismisses the petition as untimely under § 2244(d)(1)'s one-year limitations period.